UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAMON LAMONT IRBY, ) | |
| ) | CASE NO. 1:21CR306 |
| Petitioner, ) | 1:24CV1260 |
| ) | |
| v. ) | |
| ) | Judge John R. Adams |
| UNITED STATES OF AMERICA, ) | |
| ) | **ORDER** |
| Respondent. ) | |
| ) | |

Pending before the Court is Petitioner Damon Lamont Irby's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 74. Upon review, the motion is DENIED.

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Irby first contends that his conviction for felon in possession of a firearm under 18 U.S.C. § 922(g)(1) must be set aside as the statute violates the Second Amendment. Specifically, Irby contends that under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), the Court must find 922(g)(1) to be invalid. The Court finds no merit in this argument.

"A facial challenge ... is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exist under which the [law] would

be valid." *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). Irby cannot make this showing. Neither the Supreme Court nor the Sixth Circuit have held, post-*Bruen*, that § 922(g)(1) is facially unconstitutional. And pre-*Bruen* precedent from both Courts mandates the opposite conclusion. In *Heller*, decided 15 years before *Bruen*, the Supreme Court held that "longstanding prohibitions on the possession of firearms by felons" are "presumptively lawful." *District of Columbia v. Heller*, 554 U.S. 570, 626 n.26 (2008). Despite Irby's contentions, *Bruen* left *Heller* untouched. *Bruen*, 142 S. Ct. at 2122 (noting the holding was "consistent with *Heller*"), 2126 (noting the holding was "in keeping with *Heller*"), 2131 (noting that the test "set forth in *Heller*" continues to "apply today"). Indeed, concurring Justice Alito emphasized that *Bruen* "decides *nothing* about *who* may lawfully possess a firearm" and noted the holding expressly does not "disturb[ ] anything that [the Court] said in *Heller*[.]" *Id*. at 2157 (Alito, J., concurring) (emphasis added). And concurring Justice Kavanaugh, joined by Chief Justice Roberts, reassured that *Bruen* did not alter longstanding prohibitions on the possession of firearms by felons. *Id*. at 2162 (Kavanaugh, J., concurring).

In addition to the Supreme Court, the Sixth Circuit has repeatedly and plainly held, pre-*Bruen*, that "prohibitions on felon possession of firearms do not violate the Second Amendment." *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010); *see also United States v. Frazier*, 314 F. App'x 801 (6th Cir. Nov.19, 2008); *United States v. Goolsby*, No. 21-3087, 2022 WL 670137, at *2 (6th Cir. Mar. 7, 2022); *United States v. Whisnant*, 391 F. App'x 426, 430 (6th Cir. 2010); *United States v. Khami*, 362 F. App'x 501, 507 (6th Cir. 2010). These pre-*Bruen* opinions remain binding on this Court. *See United States v. McNeil*, No. 223CR20229TGBEAS, 2023 WL 6627972, at *2 (E.D. Mich. Oct. 11, 2023) (denying defendant's motion to dismiss claiming § 922(g)(1) was facially unconstitutional because "the Sixth Circuit's precedent in *Carey*

requires this Court" to reach the same conclusion—that prohibitions on felon possession of firearms are constitutional). Accordingly, Irby's first ground for relief lacks merit.

In his final ground for relief, Irby contends that his rights were violated by preindictment delay by the Government. Irby, however, failed to argue this issue in his direct appeal. "Where the petitioner-whether a state or federal prisoner-failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice resulting from the alleged ... violation.'" *Wainwright v. Sykes*, 433 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977); id., at 87, 97 S.Ct., at 2506-2507." *Reed v. Farley*, 512 U.S. 339, 354 (1994). Irby has offered no argument in support of the cause of this procedural default. Moreover, he can demonstrate no prejudice. While Irby contends that the Government waited until after his son was murdered to indict him, preventing his son from claiming ownership of the firearm, such an argument is insufficient to warrant relief.

> This court has interpreted *Lovasco* to provide that "[d]ismissal for pre-indictment delay is warranted only when the defendant shows substantial prejudice to his right to a fair trial and that the delay was an intentional device by the government to gain a tactical advantage." *United States v. Greene*, 737 F.2d 572, 574 (6th Cir.1984) (quoting *United States v. Brown*, 667 F.2d 566, 568 (6th Cir.1982) (per curiam)). *See also United States v. Booher*, 641 F.2d 218 (5th Cir.1981). *Both* parts of the test must be met before a defendant is entitled to have the indictment dismissed. *See Greene, supra*.

*United States v. Duncan*, 763 F.2d 220, 222 (6th Cir. 1985). Irby's speculation, however, is belied by the record. During the prosecution of this matter, the Government explained that the indictment was delayed due to delays in having the DNA evidence analyzed as the felon in possession matter was not deemed a priority. As such, Irby cannot demonstrate that the Government intentionally delayed indicting him to gain a tactical advantage. Thus, his claim must fail.

Finally, Irby contends that this Court improperly instructed the jury with respect to the elements of the crime. More specifically, Irby appears to contend that because he was not physically present in the yard where the firearm was recovered, he could not be found to have possessed the firearm. While this claim is also procedurally defaulted as it was not raised on appeal, the Court notes that it cannot succeed even if the Court reviewed its merits. The Court properly instructed the jury of the elements of the crime and the factors they could consider when analyzing constructive possession. Contrary to Irby's contention, physical presence at the time the firearm was recovered is *not* legally required to establish possession. As such, his claim fails.

Irby's motion to vacate is DENIED as he has failed to demonstrate any entitlement to relief. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

July 31, 2024 /s/John R. Adams
Date John R. Adams
U.S. District Judge